UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RODRIGUEZ GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN-FACILITY ADMINISTRATOR et al.,<br><br>        Defendant. | Case No.  5:26-cv-02729-SB-ACCV<br><br><br>ORDER GRANTING IN PART APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 1] |

Petitioner Javier Rodriguez Gonzalez, a Mexican national, is currently detained at the Adelanto ICE Processing Center.  On May 20, 2026, he filed a combined petition for a writ of habeas corpus and motion for a temporary restraining order (TRO) challenging his continued detention and seeking his immediate release or, alternatively, an individualized bond hearing.  The Court grants the request for a bond hearing as unopposed and otherwise denies the TRO application.

I.

Petitioner entered the United States from Mexico around 1989, when he was approximately nine years old.  Dkt. No. 1 at 2.  He states that he is married and has six U.S. citizen children, that he has a pending application for adjustment of status, and that he has prior criminal convictions, which he is seeking to have vacated.  *Id.* at 2–3.  Petitioner was arrested by ICE on April 9, 2026, after reporting to the Santa Ana Enforcement and Removal Operations (ERO) office.  Respondents provide records indicating that he was served with an arrest warrant and notice of custody determination.  Dkt. No. 11 at 2; Dkt. No. 11-1.

The petition and TRO application are difficult to follow and do not articulate specific claims for relief.  At a minimum, the filing appears to assert violations of Petitioner's Fifth Amendment substantive due process rights and alleges that his

1

arrest was without probable cause or a warrant.  He requests release and a bond hearing, concluding his petition by stating that he believes he is eligible for bond. Dkt. No. 1 at 10.

## II.

To obtain preliminary relief, a plaintiff must establish:  (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same); *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (adopting sliding-scale test). "A preliminary injunction is an extraordinary remedy never awarded as of right," but only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22, 24.

Petitioner has not shown a likelihood of success on the merits of his claim for release.  He does not address whether he is subject to discretionary or mandatory detention based on his immigration status.  To the extent Petitioner asserts constitutional or statutory violations of his rights, he has not identified the applicable legal standards or articulated arguments in support of his claims.  His brief contains long excerpts from cases without explaining how that authority relates to the facts of his detention.[1]  He invokes *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing that he cannot be detained indefinitely where there is no significant likelihood of removal in the reasonably foreseeable future, but it does not appear that the case is applicable to Petitioner, who does not allege he is subject to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 296–97 (2018) (distinguishing pre-removal detention from the post-removal-order detention to which *Zadvydas* applies).  In sum, Petitioner has not shown a likelihood of success on the merits because he does not set forth specific causes of action or facts that would support his claims.

---

[1] The petition devotes several pages to what appear to be extended quotations from *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)—a case addressing the equal protection rights of Chinese immigrants subject to discriminatory enforcement of San Francisco laundry ordinances—without explaining how that case applies to Petitioner's circumstances or what equal protection violation, if any, Petitioner is asserting.  *See* Dkt. No. 1 at 5–8.

Respondents concede, however, that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)," and do not oppose an order requiring a bond hearing.  Petitioner's request for a bond hearing is therefore granted as unopposed.

### III.

For the foregoing reasons, the Court orders as follows:

1. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of this order, in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, including 8 C.F.R. §§ 236.1(d)(1), 1003.19.

2. To preserve the status quo pending the outcome of the bond hearing and adjudication of the habeas petition, Respondents are temporarily enjoined from transferring Petitioner outside the Central District of California.

3. By June 17, 2026, the government shall file a status report confirming compliance with this order.

4. By June 22, 2026, Petitioner may file a supplemental brief addressing whether his petition is moot in light of the relief granted.  Failure to timely respond will be construed as consent to dismiss the petition and close the case.

Date: June 5, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

3