UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RODRIGUEZ GONZALEZ, | |
| Petitioner, | Case No. 5:26-cv-02729-SB-ACCV |
| v. | |
| WARDEN-FACILITY ADMINISTRATOR et al., | ORDER DENYING PETITION |
| Respondents. | |

Petitioner Javier Rodriguez Gonzalez, a Mexican national, is currently detained at the Adelanto Immigration Customers Enforcement (ICE) Processing Center. On May 20, 2026, he filed a combined petition for a writ of habeas corpus and motion for a temporary restraining order (TRO) challenging his continued detention and seeking his immediate release or, alternatively, an individualized bond hearing. Respondents conceded that Petitioner—whose immigration proceedings are ongoing—is a member of the bond-eligible class certified in *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The Court granted his unopposed request for a bond hearing but otherwise denied the TRO application, concluding that Petitioner had not shown a likelihood of success on the merits of his claims because he had not set forth specific causes of action or facts that would support his claims.

The Court ordered Petitioner to file a supplemental brief addressing whether his petition is moot in light of the relief granted. In his brief, Petitioner reiterates his request for release, arguing that his detention violates his Fifth Amendment due process rights because he was not provided notice and an interview before his "supervision" was revoked. Dkt. No. 14 at 2. He also argues that bond hearings are generally futile because some immigration judges categorically deny bond to *Bautista* class members for lack of jurisdiction. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that noncitizens who enter the country

1

without inspection are subject to mandatory detention under 8 U.S.C. § 1225(b) and immigration judges therefore lack authority over bond requests).[1]

Petitioner has not demonstrated that he is "in custody in violation of the Constitution or federal law."  28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to noncitizens detained "in custody in violation of the Constitution or laws or treaties of the United States").  First, he argues that the government violated Department of Homeland Security (DHS) regulations by failing to provide him notice and an interview when detaining him.  The record, however, reflects that he was interviewed and served with a notice of custody determination.  Dkt. No. 11-1.  Second, he contends that the government violated its own regulation in detaining him.  But cited regulations—8 C.F.R. §§ 241.4, 241.13—do not appear to apply to Petitioner because he is not subject to a final order of removal.  *See* 8 C.F.R. § 241.4 (governing the detention of noncitizens subject to final removal orders); *id.* § 241.13 (same).  Finally, Petitioner argues that seeking a bond hearing is futile because immigration judges decline jurisdiction. But, in response to the Court's order, the immigration judge in this case exercised jurisdiction and denied Petitioner's bond request based on a finding that Petitioner posed a danger to the community.  Dkt. No. 13-1.

Because Petitioner fails to show that he is entitled to further habeas relief, the petition is denied to the extent that he seeks release.  Judgment will be entered separately.

Date: June 24, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Petitioner also states that he is suffering from medical issues and that the detention facility has been negligent in providing treatment.  Petitioner has not asserted a claim of constitutionally inadequate medical care in the petition or TRO application, nor has he provided details about his medical treatment.  In any event, Petitioner has not shown that any alleged deficiencies in his care would entitle him to release from detention.  These allegations therefore do not provide a basis for habeas relief.  *Cf. Dawson v. Asher*, 447 F. Supp. 3d 1047, 1050 (W.D. Wash. 2020) (denying request for TRO on claim arising from medical concerns in detention where detainee "provide[d] no authority under which such a violation would justify immediate release as opposed to injunctive relief").